# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**NUTRIEN AG SOLUTIONS, INC.**                                          **PLAINTIFF**

v.                                        **No. 4:19-cv-529-DPM**

**RATTON FARMS, LLC and
CLIFF A. RATTON, JR.**                                           **DEFENDANTS**

## ORDER

1. The Court appreciates Nutrien's response and attachment, *Doc. 13*. This case remains tangled up.

2. Diana Ratton could accept service for Ratton Farms only if she was a company officer or another kind of authorized agent. FED. R. CIV. P. 4(h) & (e)(1); ARK. R. CIV. P. 4(f)(6). Nutrien says it's unclear whether she held any of those positions. *Doc. 13 at 2*. Arkansas Rule 4(f)(1), which governs service on natural persons, doesn't apply. Good and timely service on Ratton Farms therefore was not made.

3. The credit agreement sets the interest rate at 5.75%. *Doc. 1 at 6*. Nutrien argues for 17% because the agreement says Nutrien's predecessor in interest "will comply with future statutes adopted by the states pertaining to permissible finance charge rates." *Ibid*. Nutrien argues that this term means it can use the maximum interest rate allowed by Amendment 89. The Court disagrees. Amendment 89 was adopted in 2010. The credit agreement was made in 2018. The

Amendment's 17% maximum is not a post-agreement change in the Arkansas statutes. The parties agreed on 5.75%, and Nutrien hasn't argued that the 2019 changes in Arkansas Code Annotated § 16-65-114 allow a higher rate based on the current Federal Reserve primary credit rate. Therefore, the agreed 5.75% rate controls.

4. There is another loose end, a big one, which the Court just recognized in studying all the papers further. Nutrien named Cliff Ratton as a defendant, alleging that he personally guaranteed the LLC's note. *Doc. 1 at 2–3*. The attached credit agreement, though, was guaranteed by Diana Ratton, not Cliff Ratton. *Doc. 1 at 6*. No document of record indicates that Cliff was a guarantor. While service on him — through Diana, ironically — was good, the Court declines to enter judgment against Cliff on the existing record, which shows only that Diana was the guarantor. *Belcourt Public School District v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).

5. What should be done in these tangled circumstances? The Court concludes that the fairest and most efficient path forward involves three steps. First, the Clerk's default is vacated. Second, Nutrien must file an amended complaint with clarified allegations, attachments, and defendants by 23 March 2020. Third, the Court reopens and extends Nutrien's period for service of the amended complaint until 11 May 2020. We need to start over to get it right.

\* \* \*

Nutrien's motion for default judgment, *Doc. 10*, is denied without prejudice.  Amended complaint due by 23 March 2020.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

9 March 2020